IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–01890–EWN–BNB

JAMES H. LAYMAN,

    Plaintiff,

v.

CARLOS GUTIERREZ, Secretary,
United States Department of Commerce,

    Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

This is an employment discrimination case. Plaintiff James H. Layman asserts that his former employer, Defendant United States Department of Commerce, National Oceanic and Atmospheric Association, Mountain Administrative Support Center, Human Resources Division, discriminated against him on the basis of his sex, race, age, and/or disability. This matter comes before the court on "Defendant's Motion to Exclude Testimony of Plaintiff's Personnel Expert at Trial," filed January 31, 2007. Jurisdiction is premised upon the existence of a federal question, 28 U.S.C. §§ 1331, 1367 (2006).

## FACTS

The facts of this case are set forth in this court's December 6, 2006 order. (Order and Mem. of Decision [filed Dec. 6, 2006] [hereinafter "Order"].) Familiarity therewith is assumed.

## ANALYSIS

### *1.  Standard of Review*

Federal Rule of Evidence 702 provides that should "scientific, technical, or other specialized knowledge" be useful to the jury, a qualified expert may testify relying on such knowledge if: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702 (2006). Beyond the explicit mandates of Rule 702, in the Tenth Circuit, in order to determine whether an expert opinion is admissible, the district court performs a two step-analysis. *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). "First, the court must determine whether the expert is qualified by 'knowledge, skill, experience, training or education' to render an opinion." *Id.* [quoting Fed. R. Evid. 702 (2006)]. Second, if the expert is sufficiently qualified, the court must determine wether the expert's opinion is reliable." *See id.*

A district court is charged with the duty of acting as gatekeeper against unreliable expert testimony. *P&G v. Haugen*, 427 F.3d 717, 742 (10th Cir. 2005) (citing *KumhoTire Co. v. Carmichael*, 526 U.S. 137, 146 [1999]). The court has broad discretion in "assess[ing] an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability." *Id.* (internal quotations omitted). Plaintiff

acknowledges that as the party proffering Mr. Katz as an expert, Plaintiff bears the burden of proof on the issue of admissibility of the expert's testimony. (Pl.'s Resp. at 2.)

## *2.   Evaluation of Claims*

Defendant, Secretary of the United States Department of Commerce, moves this court to exclude Mr. Katz's testimony regarding Plaintiff's qualifications for the promotion he was ultimately denied under Federal Rules of Evidence 702 and 403. (Def.'s Br.) I need only address Defendant's Rule 702 claim. Defendant contends that Mr. Katz's testimony should be excluded because: (1) he is not qualified as an expert; (2) the testimony would not be based upon sufficient facts or data, and (3) the testimony would not be the product of reliable principles and methods. (*Id.* at 2–11 [citing Fed. R. Evid. 702 (2006)].) Additionally, Defendant argues Mr. Katz's testimony would not be helpful to the jury. (*Id.* at 11–12.) Plaintiff counters that: (1) Mr. Katz is a qualified expert on federal employment procedures; and (2) the selection process at issue is highly technical and based on objective criteria, so that Mr. Katz's testimony would be helpful to the jury. (*See* Pl.'s Resp. *passim.*) I address each argument in turn.

Beginning with Mr. Katz's qualifications, Defendant suggests that they are deficient because Mr. Katz is a "self described 'consultant in personnel management,'" who was a supervisor for the federal government over twenty years ago. (*See* Def.'s Br. at 2.) Plaintiff counters, with the support of Mr. Katz's deposition, that Mr. Katz is highly qualified as an expert in federal hiring and promotions. (Pl.'s Resp. at 5–8 [citing Def.'s Br., Ex. A–2 [Katz Dep.].) Specifically, Mr. Katz served as an Assistant Director for the United States Office of Personnel Management, where one of his duties was to develop the policy and practice for federal

employment selection, including the type of merit promotion at issue in the instant case. (*Id.*) According to Plaintiff, Mr. Katz stated in his deposition

> I and my staff provided specific, binding instructions for the entire Federal Civil Service on how to perform merit promotions. I and my staff reviewed challenged merit promotion cases and gave a final answer, which the agency and/or employee had to abide by. That would summarize what I meant by I was in charge of merit promotions.

(*Id.* at 6–7.)[1] Mr. Katz also purported to have served as an expert in hundreds of employment cases and testified as an expert twenty times in federal employment selection cases, in particular. (Def.'s Br., Ex. A–2 at 17 [Katz Dep.]; *see also* Supplement to Pl.'s Resp., Ex. 1, 2a, 2d, 2e [Katz clients] [filed Feb. 14, 2007] [hereinafter "Pl.'s Supplement"].) Defendant does not challenge Mr. Katz's deposition testimony regarding his work experience. (*See* Def.'s Br.) I find that based on Mr. Katz's uncontroverted (1) work experience managing the policies and procedures for the entire federal government on how selections should be done, (2) experience writing federal personnel rules, regulations, and statutes, and (3) documented history of acting as an expert in this field, that he is qualified by "'knowledge, skill, experince, training or education' to render an opinion" on the selection of federal employees for merit promotions. *103 Investors*, 470 F.3d at 990 (quoting Fed. R. Evid. 702 [2006]).

Second, Defendant explains its contention that Mr. Katz's testimony would not be supported by sufficient facts by pointing out that Mr. Katz reviewed only the vacancy announcement and the applications of the three employees competing for the position in

---

[1]Plaintiff cites to a specific portion of Katz's deposition that was not submitted to the court. (*See* Pl.'s Resp. at 6–7.)

-4-

concluding that Plaintiff was the most qualified applicant. (*See* Def.'s Br. at 2–5.)  Defendant contends that because Mr. Katz did not (1) speak with the applicants, (2) have any subjective knowledge of the applicants through past supervisory experience with them, and (3) review any other documents related to the hiring process, his conclusion was not based upon sufficient facts or data.  (*See id.*)  Plaintiff counters that Mr. Katz's conclusion is only applicable to the initial or "objective" phase of candidate selection—where, according to federal rules and regulations, candidates must be evaluated based on their paper qualifications alone.  (Pl.'s Resp. at 8–9.)  According to Plaintiff, Mr. Katz will not testify regarding the subsequent, and more subjective phase of the selection process, during which the selecting official may rely on some personal knowledge of candidate and an actual interview.  (*Id.*)  Thus, argues Plaintiff, there was no need for Mr. Katz to review any additional documents or interview the candidates.  (*Id.*)

      I agree with Plaintiff.  So long as Mr. Katz's testimony is limited to Plaintiff's qualifications relative to the other candidates in the "objective phase" of candidate evaluation, Plaintiff has presented adequate evidence to show that such an opinion will be "based upon sufficient facts and data."  *See* Fed. R. Evid. 702 (2006).  I see no reason why Mr. Katz would have needed to interview the candidates or read notes regarding the interviewers' personal experience with the candidates in order to make a judgment regarding the comparative qualities of the candidates based upon their applications alone.

      Third, Defendant argues that Mr. Katz's opinion is not the product of reliable principles and methods because it: (1) was the result of a subjective, conclusory inquiry; (2) was not based upon a methodology that could be tested or was subjected to peer review and publication; (3) did

-5-

not purport to apply a standard or use a protocol that would give his opinion some reliability; and (4) there is no evidence that any technique used by Mr. Katz has received widespread acceptance in a relevant community of human resource professionals. (Def.'s Br. 9–10.) Plaintiff responds that the selection of federal employees is governed by a complex set of federal rules and regulations, that are specifically designed to be quantifiable and verifiable and are, thus, reliable. (*See* Pl.'s Resp. at 3, 12.)

      I note at the outset that Defendant's criticisms of Mr. Katz's opinion relies on application of the the factors elucidated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Daubert*, however, addressed non-dispostive factors a court may consider in determining whether an expert's *scientific* testimony is reliable. 509 U.S. at 592–93. In the instant case, Katz's knowledge is *specialized*, not scientific. *See Kumho*, 526 U.S. at 141. This court recognizes that the principle behind *Daubert* applies to all expert testimony, but—particularly in the case of non-scientific testimony—this court need only address those specific *Daubert* factors—if any—that are relevant to the type of testimony at issue in the present case. *See id.* ("We conclude that a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine the testimony's reliability."). Our goal, then, is simply to determine whether Mr. Katz's "specialized knowledge" is "sound and reliable." *Huey v. United Postal Serv.*, 165 F.3d 1084, 1087 (7th Cir. 1999).

      I find Plaintiff has put forth sufficient evidence to show Mr. Katz's opinion is the "product of reliable principles and methods." *See* Fed. R. Evid. 702 (2006). Defendant has presented no evidence contradicting Plaintiff's assertion that merit promotions within the civil branch of the

federal government are controlled by a regulatory process that, particularly at the objective phase, is designed to be quantifiable and verifiable. (*See* Pl.'s Resp. at 12 [citing Def.'s Br., Ex. A–2 at 19 (Katz Dep.) (discussing uniform guidelines for selection procedures)].) The relevant *Daubert* factor satisfied here is that, according to Mr. Katz, the system for merit promotion is based on objective criteria laid out in Federal rules, regulations, and statutes, and, therefore, is not "simply a subjective, conclusory approach that cannot reasonably be assessed for reliability." Fed. R. Evid. 702 advisory committee's notes (2000) (citing *Daubert*, 509 U.S. 579).

Finally, Defendant argues Mr. Katz's testimony should be excluded because it would not be helpful to the jury. (Def.'s Br. at 11-12.) Plaintiff contends that the selection of federal employees is governed by a complex set of federal rules and regulations, making the opinion of an expert who understands all of those rules and regulations exactly the kind of specialized knowledge helpful to the jury. (Pl.'s Resp. at 3–4, 13–14.) I agree with Defendant. "The touchstone of admissibility of expert testimony is its helpfulness to the trier of fact." *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002) (internal quotations omitted); *see* Fed. R. Evid. 702 (2006) (expert testimony must "assist the trier of fact to understand the evidence or to determine a fact at issue"). Here, Plaintiff has presented insufficient evidence to show that Mr. Katz's testimony would supplement the jury's ability to understand the selection process. Although Plaintiff gives lip service to the technical regulations and statutes governing the process, Plaintiff does not offer a single citation to a rule or regulation directly governing the process of

selection in the instant case.[2]  (*See* Pl.'s Br.)  Thus, this court has no way of determining whether such rules and regulations establish the kind of complex and technical process that may require an expert's explanation in this particular case.

In fact, from reviewing Mr. Katz's expert report, this court finds that the facts surrounding the objective phase of the selection process here "are not so complicated as to require the testimony of an expert witness."  *Wilson*, 303 F.3d at 1218 (internal quotations omitted).  As noted above, Mr. Katz reviewed only four documents for his report: the vacancy announcement and the three applications for the position.  (*See* Pl.'s Supplement, Ex. 2f at 2 [Katz Report].)  According to the report, the vacancy announcement listed the position's five key requirements: (1) coaching and mentoring; (2) consulting and partnering; (3) writing skills; (4) speaking skills; and (5) effectively working with others.  (*Id.*)  Mr. Katz, by reviewing the applications, ranked each candidate in the five categories and determined—based on these rankings—that Plaintiff was objectively the best candidate for the job.  (*Id.*, Ex. 2 at 2–4 [Katz Report].)  According to Plaintiff, this is exactly the process the individuals who selected these candidates for the job would have had to undertake.  (*See* Pl.'s Resp. at 8–9.)  Although Plaintiff asserts that the selection process in the instant case is a far cry from that for private sector job, after reviewing Mr. Katz's report, this court can ascertain no meaningful difference.  (Pl.'s Resp. at 13–14; *see* Pl.'s Supplement, Ex. 2f [Katz Report].)  The key requirements for the position at issue are just the types of job skills that may be required for any number of private sector jobs.

---

[2]Plaintiff does identify several rules and regulations governing federal employment decisions, but none directly govern merit promotions.  (*See* Pl.'s Resp. at 3 n.2.)

Similarly, the comparison of three resumes to determine the degree to which those resumes show a proficiency in the skills required for the job is part and parcel of many if not most private sector job selection processes.  Here, the "normal experiences and qualifications of laymen jurors," most of whom will have been an employee or employer, "are sufficient for them to draw a proper conclusion from given facts and circumstances;" thus, I find "an expert witness is not necessary and is improper."  *Wilson*, 303 F.3d at 1218–19 (quoting *Frase v. Henry*, 444 F.2d 1288, 1231 [10th Cir. 1971]) (finding no abuse of discretion in a district court's exclusion of a "human resources expert['s]" testimony because the facts were not sufficiently complicated to require expert testimony).  Based on the foregoing, I find Mr. Katz's testimony would not be helpful to the trier of fact, and, therefore, must be excluded under Rule 702.  *See* Fed. R. Evid. 702 (2006).

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that Defendant's motion (#55) to exclude expert testimony is GRANTED.

Dated this 20th day of February, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge